IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRIS LOGAN,

        Plaintiff,                         No. CIV S-07-1042 LKK EFB P

    vs.

HAWKINS, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to the undersigned by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial payment of $17 is assessed pursuant to section 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

1  The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A
2  screening, finds that it states a cognizable claim against defendant Dr. Hawkins for deliberate
3  indifference to plaintiff's serious medical needs. *See* 28 U.S.C. § 1915A.

4  The complaint does not state a cognizable claim against defendants Nurse Scott or the
5  Chief Medical Officer at Mule Creek State Prison ("MCSP").

6  Plaintiff may proceed forthwith to serve defendant Dr. Hawkins and pursue his claims
7  against only that defendant or he may delay serving any defendant and attempt to state a
8  cognizable claim against defendants Nurse Scott and the Chief Medical Officer at MCSP.

9  If plaintiff elects to attempt to amend his complaint to state a cognizable claim against
10  defendants Nurse Scott and the Chief Medical Officer at MCSP, he has 30 days so to do.  He is
11  not obligated to amend his complaint.  If he does, he must identify by name the MCSP Chief
12  Medical Officer who violated his rights.  Otherwise, this defendant cannot be served with
13  process.

14  If plaintiff elects to proceed forthwith against defendant Dr. Hawkins, against whom he
15  has stated a cognizable claim for relief, then within 20 days he must return materials for service
16  of process enclosed herewith.  In this event the court will construe plaintiff's election as consent
17  to dismissal of all claims against defendants Nurse Scott and the Chief Medical Officer at MCSP
18  without prejudice.

19  Any amended complaint must show the federal court has jurisdiction, the action is
20  brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It
21  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
22  who personally participated in a substantial way in depriving plaintiff of a federal constitutional
23  right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
24  deprivation of a constitutional right if he does an act, participates in another's act or omits to
25  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff
26  contends he was the victim of a conspiracy, he must identify the participants and allege their

agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

Plaintiff alleges that when he complained of pain caused from a neck injury, Nurse Scott told him that she could do no more than give him the medication currently prescribed, 800 m.g. Gabapentin three times daily. He asserts that other medications are better suited to his condition. Plaintiff also alleges that he has submitted a number of requests for medical attention, which either have been ignored or denied. He asserts that this is the fault of the Chief Medical Officer because that officer is in charge of medical treatment at MCSP. To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him

by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989).

Plaintiff's allegations against defendants Nurse Scott and the Chief Medical Officer of MCSP fail under these theories.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v.*

*Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1 *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendant Dr. Hawkins.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial payment of $17. All payments shall be collected and paid in accordance with the notice to the

5

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Nurse Scott and the Chief Medical Officer at MCSP are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendant Dr. Hawkins. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed June 1, 2007, one USM-285 form and instructions for service of process on defendant Dr. Hawkins. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the endorsed June 1, 2007, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendant Dr. Hawkins will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe recommend that plaintiff's claims against defendants Nurse Scott and the Chief Medical Officer at MCSP be dismissed for failure to state a claim upon which relief can be granted.

Dated: July 25, 2007.

_/s/ Edmund F. Brennan_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRIS LOGAN,

      Plaintiff,                     No. CIV S-07-1042 LKK EFB P

    vs.

HAWKINS, et al.,

      Defendants.            <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

                          /

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        1       completed summons form

        1       completed form USM-285

        2       copies of the <u>June 1, 2007</u>
                                            Complaint

Dated:

                                            Plaintiff