IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRIS LOGAN,

        Plaintiff,                          No. CIV S-07-1042 LKK EFB P

      vs.

HAWKINS, et al.,

        Defendants.                 FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. Currently pending before the court is plaintiff's request for an order directing that he be provided narcotic pain relieving medication. The court hereby construes this request as a motion for a preliminary injunction, and so construed, finds that it must be denied for the reasons explained below.

      This action proceeds on the June 1, 2007, complaint. Defendant Hawkins is the only defendant remaining in this action. Plaintiff claims that he suffers serious, chronic pain for which a physician at a different prison had prescribed pain medications. However, defendant Hawkins discontinued those medications in favor of a less effective medication.

      A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v.*

1

1    *Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871
2    F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching
3    power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter,*
4    *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  To prevail upon an application for a prohibitory
5    preliminary injunction, plaintiff must demonstrate either probable success on the merits and the
6    possibility of irreparable injury, or serious questions regarding the merits of his claims and a
7    balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130,
8    1134 (9th Cir. 1979).  If the balance of harm tips decidedly toward the plaintiff, then the plaintiff
9    need not show as robust a likelihood of success on the merits as when the balance tips less
10   decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308,
11   315 (9th Cir. 1978).  The threatened injury must be immediate. *Los Angeles Memorial Coliseum*
12   *Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  And since the
13   remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of*
14   *S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).  If the relief sought is mandatory rather than
15   prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7
16   F.3d 1399, 1403 (9th Cir. 1993).

17       As noted above, plaintiff seeks an order directing prison officials to provide him with
18   stronger pain medication.  In the one-page request, he alleges that when he arrived at MCSP,
19   unidentified individuals confiscated his pain medication based on a policy of minimizing the use
20   of narcotic medications.  He asserts that since then, he has been in "constant, agonizing pain."
21   The court notes that plaintiff does not specify in his request when this confiscation occurred or
22   whether he ever was provided with non-narcotic pain medication.  In the complaint, however, he
23   suggests that he takes 800 mg of Gabopantin three times daily.  Compl., at 8.  Furthermore,
24   plaintiff fails to allege that he has no history of drug abuse or that the prison policy regarding
25   narcotics arbitrarily has been applied to him.  He asserts that he has "lots" of "documentation,"
26   to prove his claim, but he did not submit any of it with his request.  Thus, plaintiff has not shown

that he is likely to prevail on the merits or described how his request is related to the merits of this case. Nor has he demonstrated irreparable harm or that the balance of relative hardships sharply tips in favor of granting his request.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's December 4, 2007, request, construed as a motion for a preliminary injunction, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 11, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE