IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRIS LOGAN,

      Plaintiff,                       No. CIV S-07-1042 LKK EFB P

    vs.

HAWKINS, et al.,

      Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently under consideration is plaintiff's June 20, 2008, motion to file an amended complaint. For the reasons explained below, this motion must be denied.

**I.    Procedural History**

       This action proceeds on the June 1, 2007, complaint in which plaintiff alleges that on May 7, 2002, defendant Hawkins denied plaintiff pain medication. Defendant answered the complaint, and thereafter the court issued a discovery and scheduling order pursuant to which all pretrial motions were to be filed no later than April 18, 2008. On May 2, 2008, the court modified that order for the sole purpose of permitting the defendants additional time to file their motion for summary judgment. Thus, on May 30, 2008, defendant filed a motion for summary judgment. In it, he asserts that there is no genuine dispute for trial because this action is barred

by the statute of limitations and because he did not work at the prison on May 7, 2002. Instead of opposing defendant's motion, on June 20, 2008, plaintiff requested leave to file an amended complaint in order to allege that defendant was deliberately indifferent to plaintiff's serious medical needs on May 7, 2007. Defendant has opposed that request.

## II.     Standards

The Federal Rules of Civil Procedure provide the analytical framework for plaintiff's motion. Pursuant to Rule 15, "[a] party may amend its pleading once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which should freely be granted "when justice so requires." Fed. R. Civ. P. 15(a)(3). Because defendant answered the complaint before plaintiff moved to amend and defendant opposes plaintiff's motion, plaintiff cannot amend his complaint without leave of court. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). However, as defendant notes in his opposition, the date set in the scheduling order for the filing of pretrial motions has passed. Therefore, before conducting a Rule 15 analysis, the court must consider whether plaintiff has satisfied the requirements for modifying a schedule. *See* Fed. R. Civ. P. 16; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (when a party files a motion to amend the complaint after the cut-off date for such motions, a Rule 16 analysis must precede any Rule 15 analysis).

Rule 16 states that a magistrate judge "must issue a scheduling order," and that order must limit the time to file motions. Fed. R. Civ. P. 16(b)(1), (3)(A). Furthermore, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The crucial component of "good cause" under Rule 16 is "the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Thus, a district judge may modify a schedule if the party seeking the modification demonstrates that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* "Carelessness is not compatible with a

1  finding of diligence and offers no reason for a grant of relief." *Id.*

2  **III.    Analysis**

3        Here, not only did defendant answer the complaint before plaintiff sought leave to
4  amend; but also, the time for filing pretrial motions expired before plaintiff filed his motion to
5  amend.  Therefore the court will conduct a Rule 15 analysis only if plaintiff can demonstrate that
6  despite his diligence, he could not seek amendment until after the time for filing motions had
7  passed.  Plaintiff seeks to amend his complaint with an allegation that the events giving rise to
8  this action actually happened about five years later than he initially alleged.  He explains his
9  oversight by asserting that when he drafted the complaint, he was taking psychotropic
10 medications and was "confused and angry at the Medical Department's deliberate indifference to
11 his serious medical needs."  Pl. Resp., at 1.  He states that he did not learn of his mistake until he
12 received defendant's motion for summary judgment.  Defendant argues that he could not have
13 been heavily medicated at the time because a denial of pain medication is the crux of the
14 complaint.  Defendant asserts that if, as plaintiff now alleges, he denied plaintiff medication on
15 May 2, 2007, it is unlikely that plaintiff was heavily medicated on the date he signed his
16 complaint.  In the complaint plaintiff alleges that defendant denied him pain medication on the
17 ground that medication plaintiff already was taking was adequate.  Thus, plaintiff was medicated
18 at the time he alleges that defendant violated his rights.  Also, with his motion to amend the
19 complaint, plaintiff provides a list of medications he was prescribed over the years, including at
20 least four that he was taking around the time he filed his complaint.  However, plaintiff offers no
21 explanation of what, if any, side effects these medications had.  He asserts that he sought the
22 assistance of a fellow-prisoner when he received defendant's motion for summary judgment, and
23 learned of his mistake then.  However, defendant raised the statute of limitations in his answer,
24 which placed the alleged date that defendant' violated plaintiff's rights squarely in issue.
25 Plaintiff does not explain why did not notice his mistake then or seek assistance from someone
26 else at that time.  Thus, plaintiff has not demonstrated that he was diligent, but could not have

1 moved to amend the complaint before the time for filing motions ended.  Since plaintiff has not
2 satisfied the Rule 16 standard for modifying the schedule, the court does not conduct a Rule 15
3 analysis.  Plaintiff's motion to file an amended complaint must be denied.

4     Accordingly, it is hereby recommended that plaintiff's June 20, 2008, motion to file an
5 amended complaint be denied.

6     These findings and recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 15 days after
8 being served with these findings and recommendations, any party may file written objections
9 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
10 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
11 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
12 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
13 Dated: December 18, 2008.

        EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE