|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | IN THE UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10 | CHRIS LOGAN, | |
| 11 | Plaintiff, | No. CIV S-07-1042 LKK EFB P |
| 12 | vs. | |
| 13 | HAWKINS, et al., | |
| 14 | Defendants. | FINDINGS AND RECOMMENDATIONS |
| 15 | _____/ | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's June 1, 2007 complaint in which plaintiff alleges that on May 7, 2002, defendant Hawkins was deliberately indifferent to plaintiff's serious medical needs. Pending before the court is the sole remaining defendant Hawkin's May 30, 2008 motion for summary judgment on the grounds that there is no genuine dispute for trial because this action is barred by the statute of limitations and because defendant was not deliberately indifferent to plaintiff's serious medical needs. On December 16, 2008, plaintiff filed an opposition brief, and on December 18, 2008, defendant filed a reply thereto. For the reasons stated below, the court recommends that defendant's motion for summary judgment be granted.

////

1

## I. Facts

The following facts are undisputed, except as noted below. At all relevant times, plaintiff was an inmate housed at Mule Creek State Prison. Def.'s Mot. for Summ. J., Stmt. of Undisp. Facts in Supp. Thereof ("SUF") 1. Plaintiff suffers from a neck condition that causes him pain. Compl. at 5, 8; Def.'s Mot. for Summ. J., Decl. of Def. ("Def.'s Decl.") in Supp. Thereof, ¶ 5. Plaintiff is under the care of specialists at the U.C. Davis Medical Center for his neck condition. SUF 5.

Plaintiff alleges that on May 7, 2002, he had an appointment with defendant, who dismissed plaintiff's suffering and failed to examine him. Compl. at 5. Defendant allegedly told plaintiff that he was "o.k." and that plaintiff did not need the medications that had been prescribed to him by another doctor. *Id.* Plaintiff states that he takes 8000 milligrams of "Gabopantin" and 50 milligrams of "Altram" three times a day, however, plaintiff insists he should be prescribed a stronger pain reliever. *Id.* at 5, 8.

Defendant, a physician and surgeon, has only been employed by the California Department of Corrections and Rehabilitation ("CDCR") since September 2003. SUF 2. He has examined and provided treatment to plaintiff on several occasions and is familiar with his condition. *Id.* at 3. However, defendant did not work for the CDCR and was not at Mule Creek on May 7, 2002, and thus, could not have refused to provide care or treatment to plaintiff at that time. *Id.* at 4.

Furthermore, defendant is a general practitioner and not a neurologist or pain management specialist. *Id.* at 6. Defendant's duties with regard to plaintiff are limited to providing general care on an as needed basis. Def.'s Decl., ¶ 6. Defendant's duties also include prescribing medications, diagnostic testing, and other treatments recommended by plaintiff's specialists. *Id.* at ¶ 7. His duties do not include second guessing the opinions, conclusions or recommendations made by plaintiff's specialists. SUF 7. Defendant never refused to provide plaintiff with medicine or treatment recommended by his specialists. *Id.* at 9. Additionally, at

2

no time did defendant intentionally or knowingly disregard any serious risk of harm or injury to plaintiff, nor did he intentionally or knowingly cause plaintiff any sickness, harm or injury of any kind. *Id.* at 11, 12. Finally, plaintiff's pain and suffering as described in the complaint are the natural result of his condition and were not caused by any of the acts or omissions alleged in the complaint. *Id.* at 13.

## II. Summary Judgment Standards

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

Summary judgment avoids unnecessary trials in cases with no genuinely disputed material facts. *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over material facts; *e.g.*, issues that can only be determined through presentation of testimony at trial such as the credibility of conflicting testimony over facts that make a difference in the outcome. *Celotex*, 477 U.S. at 323.

Focus on where the burden of proof lies as to the issue in question is crucial to summary judgment procedures. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Indeed,

3

summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the opposing party must establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e. it affects the outcome of the claim under the governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In this regard, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. In attempting to establish the existence of a factual dispute that is genuine, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631.

Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). However, the opposing party must demonstrate with adequate evidence a genuine issue for trial.

*Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989). The opposing party must do so with evidence upon which a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252. If the evidence presented could not support a judgment in the opposing party's favor, there is no genuine issue. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. at 323.

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

On August 15, 2007, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**III. Analysis**

Defendant argues that there is no genuine dispute for trial because this action is barred by the statute of limitations and because defendant was not deliberately indifferent to plaintiff's serious medical needs.

////

## A. Statute of Limitations

"Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Plaintiff alleges that defendant refused to examine and provide him treatment on May 7, 2002. Compl. at 5. Plaintiff knew or should have known of the alleged injury at that time, and thus, plaintiff's claim accrued on May 7, 2002.

Because section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's has a two-year statute of limitations for personal injury actions. Cal. Civ. Proc. Code § 335.1. Additionally, under California law, the statute of limitations is tolled for a period of two years for persons imprisoned for a term less than life. Cal. Civ. Proc. Code § 352.1.

Under the two-year statute of limitations, plaintiff had until May 7, 2004 to file this action. Assuming plaintiff is entitled to the two-years of tolling, this deadline is extended until May 7, 2006. Plaintiff did not file the action until June 1, 2007. This action was filed outside the limitations period and plaintiff's claim is time-barred.

Plaintiff argues that his claim is not time-barred because the alleged violations of his constitutional rights actually occurred on May 7, *2007*, and not on May 7, *2002*. Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n"), ¶ 5. On June 20, 2008, plaintiff moved for leave to amend his complaint on this ground, insisting that he mistakenly alleged the violations occurred on May 7, 2002. Pl.'s Mot. to Amend. at 2. Not only had defendant answered the complaint before plaintiff sought leave to amend, but also, the time for filing pretrial motions had expired. On March 6, 2009, the court denied plaintiff's motion because plaintiff had not satisfied Rule 16's "good cause" standard for modifying the scheduling order. Plaintiff's claim is thus limited

to the allegations in his complaint.

Accordingly, judgment should also be entered in defendant's favor because the undisputed facts establish that defendant was not employed by the CDCR until September 2003 and that defendant was not at Mule Creek on May 7, 2002. SUF 2, 4. Therefore, defendant could not have violated plaintiff's constitutional rights as alleged.

### B. Deliberate Indifference

Regardless of when the alleged violations occurred, defendant is still entitled to summary judgment because he has established that there is no genuine dispute regarding whether he was deliberately indifferent to plaintiff's medical needs.

To prevail on a claim under the Eighth Amendment for inadequate prison medical care, a prisoner must demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) that the defendant's response was deliberately indifferent. *Id.*

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need. *Jett*, 439 F.3d at 1096. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at

835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Here, the undisputed facts establish that defendant never refused to provide plaintiff with medicine or treatment recommended by his specialists. SUF 9. Further, defendant states that he has never refused to examine plaintiff, that plaintiff is receiving care and treatment for his condition, and has been provided with adequate medications. Def.'s Decl., ¶¶ 5, 8. Additionally, at no time did defendant intentionally or knowingly disregard any serious risk of harm or injury to plaintiff, nor did he intentionally or knowingly cause plaintiff any sickness, harm or injury of any kind. SUF 11, 12.

Although plaintiff asserts that his "specialists have ordered rehab treatment and specific medications that [defendant] refuses to follow through with," plaintiff has not produced any affidavits, medical records or other evidence to support this assertion. Pl.'s Opp'n, ¶ 2. Even if he had, he still fails to defeat defendant's motion because he has not produced any evidence that defendant acted with deliberate indifference or that the prescribed pain medications were medically unacceptable under the circumstances, or prescribed in conscious disregard of an excessive risk to plaintiff's health. *See Toguchi*, 391 F.3d 1051 at 1058-60. At most, the record shows a difference of opinion between plaintiff and his doctors regarding their choice of pain medications, which does not constitute an Eighth Amendment violation. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Thus, there are no triable issues of fact and defendant is entitled to judgment as a matter of law.

**IV. Conclusion**

Accordingly, for the reasons stated above, it is hereby RECOMMENDED that:

1. Defendant's May 30, 2008 motion for summary judgment be granted;

2. That judgment be entered in his favor; and,

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE